In the Matter of the SOCIETA ITALIANA DE ARMAMENTO, owner of the MOTORSHIP LORENZO MARCELLO, Praying for Exoneration from or Limitation of Liability.

Petition of ALCOA STEAMSHIP COMPANY, Inc., as owner of the S.S. ALCOA CORSAIR, for Exoneration from or Limitation of Liability.

No. 4634–B.

United States District Court
D. Louisiana.
Oct. 31, 1962.

Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., for S.S. Alcoa Corsair.

Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Motorship Lorenzo Marcello.

Frederick J. Gisevius, Jr., New Orleans, La. and Belli, Ashe & Gerry, San Francisco, Cal., for claimants.

ELLIS, District Judge.

This cause having been heard on motion of petitioners to dismiss the claims of Clement L. Carter and Gladys A. Carter for want of prosecution on failure of the said claimants to comply with the repeated orders of the Court under Rule 32C of the Admiralty Rules of the Supreme Court of the United States, the Court, having taken the matter under submission, now finds the following to be the facts herein:

1. The claimants, Clement L. and Gladys A. Carter, hereinafter referred to as "Claimants", were passengers aboard the S.S. ALCOA CORSAIR and sustained injuries when that vessel was in collision with the M.S. LORENZO MARCELLO in the Mississippi River near Tropical Bend Upper Light at about 4:16 a. m. on October 22, 1960.

2. On March 23, 1961, Proctors for the Societa Italiana de Armamento mailed certified copies of the Order of Monition by certified mail to the claimants, the letter being addressed to them at 4658 Worster Avenue, Sherman Oaks, California. (Volume I, Document No. 26)

3. On April 3, 1961, the claimants filed into the record their answer to the Petition for Exoneration from or Limitation of Liability. (Volume 1, Document No. 53)

4. On April 4, 1961, the claimants filed an answer and exceptions to the *ad interim* stipulation. (Volume II, Document No. 83)

5. On July 20, 1961, the claimants filed their Note of Evidence. (Volume II, Document No. 118)

6. On July 24, 1961, this Court entered a pre-trial order (Volume II, Document No. 119) which insofar as it affects these claimants, reads as follows:

"ORDER

"This matter came on for hearing before the Court on a pre-trial conference held on July 18, 1961, the various parties being represented by their respective proctors. The Court, after reviewing the matter with counsel, and in order to facilitate proceedings, enters this pre-trial order:

"IT IS ORDERED that within thirty days from date hereof the various claimants in the categories hereinafter set forth, through their counsel, shall file with the Court and serve on proctors for petitioners, copies thereof, the documents, records and information hereinafter indicated:

"(a)   *   *   *

"(b) As to all persons claiming personal injuries suffered in the casualty in suit:

"1) Certified copies of the claimant's Federal Income Tax Returns for the years 1958, 1959, and 1960.

"2) A sworn statement of all income and earnings accruing to or received by the said claimant from October 22, 1960, to the date of this Order, giving the source, nature, and amount of said income or

earnings; and the period for which received, if the same constituted earnings of the claimant.

"3) Copies of all hospital records covering treatment received by the claimant following the casualty in suit.

"4) Complete and full reports from all physicians who have treated and/or examined the claimant or whose testimony will be taken on behalf of the claimant on any trial of the claim asserted by the claimant, including specifically, but without limitation, the dates on which the said physician saw the claimant, the nature of any injuries or disabilities, the date, if any, on which the claimant was found to be fit to return to duty, the nature and percentage of any residual disability sustained by the claimant as a result of the injuries, the degree to which the injuries sustained in the collision caused or contributed to any residual disability existing on the part of the claimant and a full opinion, diagnosis and prognosis.

"5) A sworn statement of the claimant setting forth any other particulars on which his claim may be based.

"(c) As to all claimants asserting claims for loss of baggage and personal effects:

"1) A complete listing of all baggage and personal effects items for which claim is presented, giving the date and place of purchase and the amount of the purchase price of each such item. * * *"

7. On August 23, 1961, the thirty-day limitation of time within which to file the documents this Court ordered produced expired.

8. On August 25, 1961, the claimants filed for the record two medical reports by Doctors Ward M. Rolland of Los Angeles, California, and Samuel Sternberg of New Orleans, La. (Volume III, Document No. 142), and on August 29, 1961, requested and received the first extension of thirty days within which to comply with the Court's order of July 24, 1961 (Volume III, Document No. 152).

9. On September 20, 1961, the claimants filed uncertified photocopies of the income tax returns for the years 1956 through and including 1960. (Volume III, Document No. 168).

10. On September 28, 1961, the thirty-day extension of time within which claimants were to effect compliance with the Order of this Court of July 24, 1961, expired. No further requests were sought after and none were granted by the Court.

11. On November 15, 1961, this Court held a pre-trial conference, the result of which was a pre-trial order setting another pre-trial for January 10, 1962 (Volume IV, Document No. 185), at which time the Court issued a pre-trial order calling for a special pre-trial conference on January 17, 1962 (Volume IV, Document No. 191), which special pre-trial conference was re-set because claimants' counsel were then engaged in a trial in a different division of this court (Volume IV, Document No. 192), and the court issued an order setting the pre-trial for January 24, 1962.

12. The special pre-trial conference scheduled for January 24, 1961, was not held as it was re-scheduled by the Court for January 31, 1962 (Volume IV, Document No. 197).

13. The special pre-trial conference held on January 31, 1962, resulted in this Court issuing the following order:

"Pre-trial conference was this day held as to the claims of Clement L. and Gladys A. Carter.

\* \* \* \* \* \*

"It appearing that the claimants have not complied fully with the court's order of July 24, 1961,

"IT IS ORDERED that complete compliance be effected by February 14, 1962, including the filing in the record of reports of the latest medical examination or treatment, earnings subsequent to the incident in suit and proof of value of incidental items allegedly lost.

"IT IS FURTHER ORDERED that there be a pre-trial conference on the claims of Clement L. and Gladys A. Carter on Wednesday, February 21, 1962, at 3:00 p. m." (Volume IV, Document No. 199)

14. On February 7, 1962, this Court held a general pre-trial conference which was attended by *all* counsel for *all* parties. The conference resulted in the Court issuing an agreed order as follows:

"Pre-trial conference was this day held.

"By agreemnt of all the parties.

"IT IS ORDERED that all further proceedings in the actions filed against the Crescent River Port Pilots Association and the individual pilots be, and the same are hereby, stayed.

"IT IS FURTHER ORDERED that, unless objection is filed in the record by February 16, 1962, the personal injury and death claims filed herein will proceed as follows:

"I. The claimants will file in the record and serve on proctors for petitioners:

"(a) A certificate that all of the documents pertaining to their claims and required by the court's order of July 24, 1961, have been filed in the record and served on petitioners.

"(b) Sworn affidavits setting forth in detail any other facts or matters on which their claims are based and stating that the documents filed in the record comprise all of the proof on which the claims are based except matters which may be offered in rebuttal.

"II. \* \* \*

"III. \* \* \*

"IV. \* \* \*

"The Court, after the proofs have been concluded, will hold a conference on the individual claim to hear the arguments and contentions of the parties. Thereafter an interlocutory decree will be entered by the court, determining the damages sustained by the claimant.

"Any party, including the other claimants, may participate in, oppose and/or contravene the proof of the individual claimant, in the same manner and subject to the same schedule of proof as that to which the petitioners are subject.

"Following the lapse of fifteen (15) days after the entry of any such decree and notice thereof to the petitioners and claimants, the decree, failing appeal by the petitioners and/or claimants, will become final.

"IT IS FURTHER ORDERED that the trial of this litigation on the right of petitioners to exoneration from and/or limitation of liability, set for March 5, 1962, be and the same is hereby continued to be re-fixed.

"s/ J. Skelly Wright
"United States District Judge
"(Volume IV, Document No. 205)"

15. On February 14, 1962, the claimants secured a fourteen (14) day extension of time within which to comply with the orders of this court of July 24, 1961, January 31, 1962, and February 7, 1962. (Volume IV, Document No. 206)

16. On February 26, 1962, the court called off the pre-trial conference set for

February 21, 1962, to be reassigned. (Volume IV, Document No. 211)

17. On February 28, 1962, the claimants secured a fourteen (14) day extension of time within which to comply with the Orders of this Court. (Volume IV, Document No. 212)

18. On March 24, 1962, the claimants secured an extension of time to April 2, 1962, within which to comply with the Orders of this Court. (Volume IV, Document No. 213)

19. On April 2, 1962, the claimants secured a fifteen (15) day extension of time until April 17, 1962, and at that time filed the medical reports of Doctor Ward Rolland. (Volume IV, Document 215)

20. On April 17, 1962, the claimants secured another thirty (30) day extension within which to comply with the Orders of this Court. (Volume IV, Document 219)

21. On May 17, 1962, the claimants sought and received another thirty (30) day extension of time within which to effect complete compliance. (Volume IV, Document No. 224)

22. On June 17, 1962, the last thirty (30) day extension of time expired. Since that date there were no further requests for an extension of time and none were granted by the Court.

23. On August 16, 1962, proctors for petitioners moved for a dismissal of the claim under Admiralty Rule 32(C). (Volume IV, Document No. 225)

24. On August 22, 1962, the motion was continued to be reassigned (Volume IV, Document No. 226) as per request of Proctors for claimants (Volume IV, Document No. 227).

25. On September 19, 1962, the claimants filed medical reports of Dr. Ward Rolland, a list of medical expenditures, the record from The California Hospital, Los Angeles, California, personal property losses, affidavits and income tax returns (Volume V, Document No. 230). It should be noted that the first income

tax return was incomplete, the second filing was uncertified, and the last certified by the claimants' partner. All of the other claimants have certificates by the District Director of Internal Revenue of this particular district. On the same day, September 19, 1962, the court ordered the motion to dismiss continued until October 3, 1962 "unless proper compliance has not been made." (Volume V, Document No. 230-A)

26. On October 2, 1962, claimants filed the medical record from The Touro Infirmary, New Orleans, La., and affidavits. (Volume V, Document No. 232)

27. On October 3, 1962, this court heard the motion of petitioners to dismiss the action. Proctors for claimants were given five (5) days within which to prove to the Court that they have complied with its orders. (Volume V, Document 232-A)

28. On October 8, 1962, proctors for claimants and proctors for petitioners submitted memoranda to the court offering to prove that, respectively, they have and have not complied with this Court's order.

The above twenty-eight (28) enumerated paragraphs touch upon every document in a seven (7) volume record dealing with the claims of Clement L. and Gladys A. Carter, and after a complete review of the record the court finds the following grounds for dismissal of the personal effects element of the claim:

1. The first and most obvious reason for dismissal of the claims is the fact that after the expiration of the thirty (30) day extension of time given on May 17, 1962, the claimants failed to comply with the orders of this court compounded with a failure to request additional time within which to comply.

2. The extension expired on June 16, 1962. The next order for an extension of time was requested (and granted) on August 22, 1962; however, this motion and order was for a continuance of petitioner's motion to dismiss, and not for further time within which to effect "com-

plete compliance" with the orders of this court.

3. To this day the "claimants have not complied fully with the court's order of July 24, 1961", or the order of January 31, 1962, in the following particulars:

a. The order of this court of July 24, 1961, in referring to baggage and personal effects claims provided:

"(c) As to all claimants asserting claims for loss of baggage or personal effects:

"1) A complete listing of all baggage and personal effect items for which claim is presented, giving the date and place of purchase and the amount of the purchase price of each such item."

On August 25, 1961, the original list of the personal effects lost by Mr. Carter was filed along with a carbon copy of those effects lost by Mrs. Carter. On September 19, 1962, there was filed the carbon copy of Mr. Carter's lost personal effects and the original copy of Mrs. Carter's.

The list of lost personal effects only reflects the item and the claimants' stated value, and entirely omits the date and place of purchase. For good reasons this court *specifically* ordered that the dates and places of purchase of personal effects items be listed, i. e. first of all for depreciation purposes and secondly to allow the petitioners to check items of great value.

There are quite a few items on the list that would not require strict proof, by voucher, or by date and place, e. g. toilet articles and items of small value.

However, in this instance the court finds itemization of two thousand dollars ($2,000.00) for a two and one-half carat diamond ring, seven thousand dollars ($7,000.00) for a three/quarter (¾) length wild mink coat and nine thousand dollars ($9,000.00) for a full length white ermine coat.

4. The court accordingly finds that based on the record the claimants, Clement L. Carter and Gladys A. Carter, have failed to comply with the specific orders of this court of July 24, 1961, and January 31, 1962, within the specified time or the extensions thereof.

5. In summarization the court finds as a matter of fact that the claimants have allowed the time within which to effect complete compliance to expire on two (2) separate occasions; have not effected full compliance with the general orders of this court of July 24, 1961, and the specific orders of this court of January 31, 1962; that claimants' reasons for noncompliance (inability of counsel to contact claimants and difficulty in acquiring documents from referring counsel in California) is not an acceptable excuse. The record reflects that of the fifty-nine (59) personal injury and death claims arising out of the disaster, these are the only two that have not fully complied with the general order of this court and the only claim for which specific orders of compliance have been issued (and which orders were not timely complied with).

## CONCLUSIONS OF LAW

1. Admiralty Rule 32C contains comprehensive provisions for discovery and consequences for non-compliance with orders of the court relative to discovery.

2. Rule 16 of the Federal Rules of Civil Procedure has been incorporated into the Admiralty Rules by virtue of Admiralty Rule 44½.

3. Rule 16 of the Federal Rules of Civil Procedure reads, in part, as follows:

"In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider

\* \* \* \* \* \*

"(6) Such other matters as may aid in the disposition of the action.

"The court shall make an order which recites the action taken at

**450**

the conference, * * * and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. * * *"

4. A failure to comply with a pre-trial order of court is dismissable, under the Federal Rules of Civil Procedure, by the provisions of Rule 41(b), Link v. Wabash Railroad Company, 1962, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, which Rule provides for involuntary dismissals for failure to prosecute or to comply with an order of the court.

5. The counterpart of Civil Rule 41(b) in Admiralty is Admiralty Rule 38 which provides for involuntary dismissal of libels for failure to prosecute and to comply with the orders of the court.

Under the findings of fact as herein made, the court might dismiss the entire action, pursuant to the provisions of Rules 32C, 38 and 44½ of the Admiralty Rules of the Supreme Court of the United States. However, the court is not disposed to go this far and will refuse to grant the motion to dismiss as herein filed, except as to the claim for loss of personal effects.

THEREFORE, on joint motion of Terriberry, Rault, Carroll, Yancey & Farrell, proctors for Alcoa Steamship Company, Inc., and of Phelps, Dunbar, Marks, Claverie & Sims, proctors for Societa Italiana de Armamento, it is:

ORDERED, ADJUDGED AND DECREED that the claims for personal effects of Clement L. Carter and Gladys A. Carter herein be, and the same are hereby dismissed with prejudice and without costs, due to the repeated failure of the claimants to comply with the court's orders, all pursuant to the provisions of Rules 32C, 38 and 44½ of the Admiralty Rules of the Supreme Court of the United States; and

IT IS FURTHER ORDERED that this decree be, and it is hereby adopted as the Court's findings of fact and conclusions of law pursuant to Supreme Court Admiralty Rule 46½.