Maurice **KOURY**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al.**

**Civ. A. No. 73-2179.**

United States District Court, E. D. Pennsylvania.

Dec. 23, 1975.

---

C. Thomas Zinni, Boston, Mass., Stephen A. Sheller, Pechner, Sacks, Dorfman, Wolffe, Moss & Rounick, Philadelphia, Pa., for plaintiff.

Edward Davis, Philadelphia, Pa., for Internat'l Brotherhood.

Paul N. Minkoff, Klovsky, Kuby & Harris, Philadelphia, Pa., for United News.

George Spohrer, Hourigan, Kluger & Spohrer, Wilkes-Barre, Pa., for Teamsters Local No. 401.

## MEMORANDUM AND ORDER

### BRODERICK, District Judge.

The complaint in this action was filed on September 28, 1973 and was amended on April 29, 1974 and charged the defendants with conspiring to deprive the plaintiff of his rights and entitlements as an employee and union member pursuant to the National Freight Agreement which was binding on all defendants.[1] The amended complaint alleges that United News and Local 401 conspired to deprive the plaintiff of his rights under the Central Pennsylvania Teamsters Pension fund by agreeing that no payments would be made into the pension fund on behalf of the plaintiff. The amended complaint further alleges that United News and Local 401 conspired to deprive the plaintiff of his proper wages under the National Freight Agreement. The plaintiff also alleges that disciplinary proceedings were improperly brought against him by the union and that he was wrongfully suspended from the union as a result of these proceedings. The plaintiff also alleges in the amended complaint that the defendant Namey made defamatory statements concerning the plaintiff for which Namey is liable. Plaintiff seeks an Order from this Court which will enjoin his expulsion from the union and direct the defendant United News to pay him the back wages allegedly due him in accordance with the collective bargaining agreement, and which will order the defendant unions and United News to pay to the pension fund the amounts allegedly due thereunder.

On October 20, 1975, the Court issued the following Order after the plaintiff's attorney had failed, without explanation, to appear for the Final Pretrial Conference which was scheduled by Order of this Court for October 15, 1975.

AND NOW, this 20th day of October, 1975, it is hereby ORDERED that a hearing shall be held on the 29th day of October, 1975, at 4:30 p. m. in Courtroom 10B of this United States Courthouse, Philadelphia, Pennsylvania at which time the plaintiff shall show cause why this complaint should not be dismissed with prejudice for failure of the plaintiff to file a pre-trial order as directed by this Court, as well as the failure of the plaintiff to otherwise prosecute his cause of action.

R. J. Broderick /s/

After a review of the procedural history of this case and the efforts made by this Court to force the plaintiff to prosecute this case and to prepare this litigation for trial, the Court has determined that we must dismiss this action for failure of the plaintiff to comply with the Court's Order with respect to the pretrial conference and for the failure of the plaintiff to otherwise prosecute this case.

---

1. It should be noted that this court is one of the oldest untried cases on this Court's docket.

The pertinent facts can be summarized as follows: At the time that this complaint was filed on September 28, 1973, Philip Lauer, Esq. entered his appearance on behalf of the plaintiff. However, during the time that Mr. Lauer appeared on behalf of the plaintiff in this case, C. Thomas Zinni, Esq. of Boston, Massachusetts was retained by the plaintiff and Mr. Lauer acted solely as local counsel in this matter on behalf of the plaintiff. The record shows that the Court's first contact with the attorneys in this case was on November 21, 1973. On that date, the Court ordered that a settlement conference be held on March 6, 1974. The matter was not settled at that conference and on March 7, 1974 the Court issued an Order setting the final pretrial conference for June 26, 1974 and directing that the Final Pretrial Order be prepared in accordance with this Court's standing order re pretrial and be submitted to the Court one week prior to the pretrial conference. The March 7, 1974 Order also stated that the trial would commence on September 3, 1974. On March 28, 1974, at the request of the defendant United News for additional time for discovery, the completion date for discovery was extended from June 10, 1974 to August 1, 1974 and the trial date was moved to September 25, 1974. At the request of plaintiff's counsel, the Court again rescheduled the pretrial conference and the trial of the case for October 15, 1974 and October 31, 1974, respectively. On September 11, 1974, at the request of all counsel, the pretrial conference was continued until December 16, 1974, and the trial was continued until January 2, 1975. On the 15th of November, 1974, at the request of plaintiff's counsel, the Court again extended the date for pretrial and trial to January 23, 1975 and February 4, 1975. At the request of plaintiff's counsel, the discovery date was extended to January 17, 1975, the pretrial conference was continued until March 14, 1975 and the trial was continued until March 24, 1975.

On March 24, 1975, all counsel were summoned to appear in this Judge's chambers. The Court granted Philip Lauer's petition to withdraw his appearance on behalf of the plaintiff the day the trial of this case was to commence, which petition had been received by the Court on March 14, 1975. The basis for Mr. Lauer's withdrawal was an irreconcilable difference between him as local counsel and Mr. Zinni, the plaintiff's retained counsel, relating to remuneration and the manner in which the case should be tried. In the same Order, the Court granted leave for Mr. Zinni, who is a member of the Massachusetts bar, to enter his appearance and to actively participate in the conduct of the trial of this case on the condition set forth in the Court's Order that:

> In accordance with Rule 10(a) of the Local Rules of Civil Procedure, C. Thomas Zinni, Esq. shall within ten (10) days of the date of this Order notify this Court as to his appointment of an associate counsel of record who is a member of the Bar of this Court who maintains an office in this Commonwealth for the regular practice of law.

Although defense counsel were ready to proceed with the trial on March 24, 1974, the Court, at the request of Mr. Zinni, continued the trial and ordered that counsel submit proposed findings of fact and conclusions of law by April 3, 1975. In that Order the Court further directed that a conference would be held on April 3, 1975, the purpose of which was to set a new trial date, which date was made necessary because of the last minute withdrawal of Mr. Lauer as counsel of record for the plaintiff. On April 2, 1975, at the request of all counsel, the Court extended the date for filing findings of fact and conclusions of law to April 10, 1975 and listed the case for trial on April 11, 1975 and stated "There shall be no further continuances

in this matter." On April 9, 1975, two days before trial, the Court received a letter from C. Thomas Zinni, Esq., plaintiff's counsel, in which he stated that the plaintiff was not ready for trial and again pleaded for a continuance until June of 1975. The Court, with the acquiescence of defense counsel, again continued the trial and sent a notice to counsel setting a conference for April 24, 1975, at which time a new trial date was to be set. At that conference, Mr. Zinni was reprimanded for his failure to obtain local counsel as he had been ordered to do on March 24, 1975, which Order directed him to inform the Court of his appointment of local counsel by April 3, 1975. Mr. Zinni was instructed by the Court to immediately comply with the March 24th Order. At the conference on April 24, 1975, the trial date of July 7, 1975 was agreed upon by all counsel, including Mr. Zinni. The Court's Order of April 25, 1975 listed the trial for the agreed upon date of July 7, 1975 and further ordered that proposed findings of fact and conclusions of law in this non-jury case be submitted by July 3, 1975.

On July 2, 1975, more than three months after the Court had ordered Mr. Zinni to notify the Court of the appointment of local counsel, local counsel had not entered an appearance. The Court was constrained to enter the following Order:

AND NOW, this 2nd day of July, 1975, this Court having issued an Order on March 24, 1975, pursuant to which Philip D. Lauer, Esq. was permitted to withdraw as counsel for the plaintiff and C. Thomas Zinni, Esq. of Boston, Massachusetts was permitted to enter his appearance for the plaintiff, said Order having further provided in paragraph 4:

In accordance with Rule 10(a) of the Local Rules of Civil Procedure, C. Thomas Zinni, Esq. shall within ten (10) days of the date of this Order notify this Court as to his appointment of an associate counsel of record who is a member of the Bar of this Court who maintains an office in this Commonwealth for the regular practice of law.

It is hereby ORDERED and DECREED that in the event C. Thomas Zinni, Esq. has not complied with paragraph 4 of the said Order of March 24, 1975 on or before Monday, July 7, 1975, the said C. Thomas Zinni, Esq. shall be in contempt of this Court and shall pay a fine of $100.00 per day for each day that he fails to comply.

R. J. Broderick /s/

Mr. Zinni was notified by telephone on July 2, 1975 of the entry of this contempt Order, and on the same day was also mailed a copy of the Order. Within the time set forth in the July 2nd Order, Mr. Zinni notified the Court that Dennis Eisman, Esq. was appointed as local counsel for the plaintiff in this matter. At the Court's request, Mr. Eisman appeared in chambers and was advised concerning the difficulties which the Court had encountered in bringing this case to trial and was personally notified that he should be ready for trial on July 7, 1975 and that no further continuance would be granted. Also, by July 2, 1975, all parties other than the plaintiff had filed with the Court their proposed findings of fact and conclusions of law as required by the April 25, 1975 Order.

On June 30, 1975, Mr. Zinni wrote to this Court and again pleaded for a continuance from the agreed upon July 7, 1975 trial date set in this case. Mr. Zinni stated in his letter that he was listed for trial in Boston in a criminal matter on July 8, 1975, one day after he was to begin trial in this case. The notice listing the Boston criminal case for trial was issued on April 9, 1975, fifteen days before the conference held in this case on April 24, 1975 at which all counsel, including Mr. Zinni, agreed to a July 7, 1975 trial date. At that conference, Mr. Zinni assured the Court that he

would be available for trial on July 7, 1975. After receiving a telephone call from the Honorable Frank J. Murray of the United States District Court for the District of Massachusetts, the Judge before whom the Boston criminal matter was listed, this Court agreed once again to continue this matter.

On July 28, 1975, the Court ordered that the final pretrial conference be held on September 29, 1975, and that proposed findings of fact and conclusions of law be submitted by November 3, 1975, and the trial was "specially listed" for Tuesday, November 18, 1975. On September 4, 1975, Mr. Eisman, the plaintiff's local counsel, wrote to the Court as follows:

> I have had a great deal of difficulty in communicating with co-counsel in this matter.

> Following our initial meeting in your chambers, I have written him three letters and have not as yet received a response. I know from our meeting of the problems in the past, and I believe that to protect the rights of the plaintiff in this matter, as well as the defendants, I must request that Your Honor set a pre-trial conference in this matter as quickly as possible and order that all counsel appear in your chambers.

> I do not wish to ask the Court to withdraw in this matter unless some arrangements are made for the handling of this case in a reasonable fashion.

> I greatly appreciate your courtesy and cooperation in this matter.

On September 18, 1975, the Court held the requested conference in chambers, which conference was attended by all counsel. At the conference, Mr. Zinni requested additional time in which to file a pretrial order and assured the Court that the plaintiff would comply with the deadlines in this case. On September 22, 1975, the Court extended the date for the pretrial order to be filed to October 10, 1975 and the date for the pretrial conference to October 15, 1975. The plaintiff's pretrial order was not filed on October 10, 1975. Mr. Eisman advised the Court that he was preparing a petition to withdraw as local counsel for the plaintiff. On October 15, 1975, neither Mr. Zinni nor Mr. Eisman appeared for the final pretrial conference. The plaintiff has never filed the final pretrial order nor the proposed findings of fact or conclusions of law as required by the July 28, 1975 Order of this Court.

On October 20, 1975, Dennis Eisman, Esq. filed his petition for leave to withdraw his appearance. Mr. Eisman, in his petition and accompanying affidavit, stated that he had requested information which was necessary for preparation of the case for trial but had never received the requested information. Mr. Eisman also stated that several attempts to meet with Mr. Zinni and the plaintiff to prepare the case for trial proved futile. Mr. Eisman also stated that he was never paid a requested retainer fee. The record also shows that the plaintiff has failed to respond to a motion by United News for the production of documents and has never answered interrogatories propounded by Local 401.

Based upon these facts, the Court on its own motion issued the Order of October 20, 1975, heretofore quoted, which Order set a hearing for October 29, 1975, to show cause why this case should not be dismissed with prejudice. Mr. Zinni did not appear at the hearing, although all defense counsel were present. Stephen A. Sheller, Esq. appeared and stated that he had been retained by the plaintiff.[2] At the hearing, Mr. Sheller stated his theory of the plaintiff's case. He enunciated a basis for liability never before heard by either defense counsel or the Court. Defense counsel argued that Mr. Sheller's basis for liability was

---

2. Mr. Sheller is the fourth attorney who has entered his appearance for the plaintiff.

not set forth in the complaint or any other document filed by the plaintiff. No explanation was given by any party present as to the failure of the plaintiff to file a pretrial order or attend the pretrial conference.

Mr. Sheller, on November 3, 1975, delivered to the Court what purports to be a "pretrial order". Mr. Sheller explained that this "order" was apparently "prepared" either by Mr. Lauer or Mr. Zinni and was discovered by him in the file of this case which he had received from the plaintiff. The so-called' pretrial order is not in compliance with this Court's order. The plaintiff's portion is only partially completed and it does not contain the defendant's portion. The Standing Order of this Court requires the submission of one document completed by all parties. The plaintiff has the task of preparing his portion and circulating it to the defendants in order that they may respond appropriately to the plaintiff's claims. Furthermore, Mr. Sheller admits that the pretrial order is incomplete and states that the complaint should be amended to reflect his theory of liability. This has not been done. Mr. Sheller also stated that he has not been able to reach Mr. Zinni to obtain a complete file in this case.

█ There is no question that a United States District Court has the power to dismiss a plaintiff's cause of action with prejudice *sua sponte* for lack of prosecution. In *Link v. Wabash Railroad Company*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of *nonsuit* and *non prosequitur* entered at common law, e. g., 3 Blackstone, Commentaries (1768), 295–296, and dismissals for want of prosecution of bills in equity, e. g., id., at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b), which provides, in pertinent part:

> "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

> . . . Neither the permissive language of the Rule—which merely authorizes a motion by the defendant— nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That it has long gone unquestioned is apparent not only from the many state court decisions sustaining such dismissals, but even from language in this Court's opinion in *Red-*

*field v. Ystalyfera Iron Co.,* 110 U.S. 174, 176, 3 S.Ct. 570, 28 L.Ed. 109. It also has the sanction of wide usage among the District Courts. It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition. (footnotes omitted).

■ As our Third Circuit stated in *Marshall v. Sielaff,* 492 F.2d 917 (1974):

> No precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute, but the procedural history of each case must be examined in order to make that determination. The power of the court to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of litigation on its merits. 492 F.2d at 918.

*See Kenney v. California Tanker Company,* 381 F.2d 775 (3d Cir. 1967); *Syracuse Broadcasting Corporation v. Newhouse,* 271 F.2d 910 (2d Cir. 1959); *In Re Societa Italiana De Armamento,* 210 F.Supp. 444 (D.La.1962). In *Link, supra,* the Supreme Court held that it was not an abuse of discretion for a United States District Court to dismiss an action with prejudice *sua sponte* without affording the plaintiff notice of his intention to do so or holding an adversary hearing. In *Link,* the trial court had dismissed the action with prejudice for the failure of the plaintiff's counsel to appear at the pretrial conference and for the failure of the plaintiff to prosecute his action. Other courts have likewise dismissed cases because of a plaintiff's failure to appear at a pretrial conference or to comply with pretrial orders.

*Beshear v. Weinzapfel,* 474 F.2d 127 (7th Cir. 1973); *Hyler v. Reynolds Metal Company,* 434 F.2d 1064 (5th Cir. 1970); *In Re Societa Italiana De Armamento,* 210 F.Supp. 444 (D.La.1962).

■ The facts in this case clearly merit dismissal of this plaintiff's cause of action. The record reveals that this case has now been listed for trial eight times. As of October 29, 1975, the date of the hearing to show cause why the case should not be dismissed with prejudice, the plaintiff had not filed either a pretrial order or proposed findings of fact or conclusions of law which had been repeatedly ordered. Furthermore, the record shows that on April 24, 1975 plaintiff's counsel requested a trial date of July 7, 1975, although he knew on that date that he was listed for trial in a criminal case to commence in the United States District Court for the District of Massachusetts. Furthermore, local counsel was not appointed in this matter as required by the Local Rules of this Court until plaintiff's counsel was held in contempt as provided in the Court's Order of June 2, 1975.[3] Finally, plaintiff's counsel failed to appear for the pretrial conference on October 15, 1975, as ordered by this Court. Plaintiff's counsel again failed to appear at the hearing held to show cause why this matter should not be dismissed. Plaintiff's counsel has never requested leave of this Court to withdraw his appearance for the plaintiff as required by Local Rule 15(c) of this Court and no explanation has been received by the Court which would excuse his actions in this case.

■ Dismissal with prejudice is a remedy to be utilized only in extreme situations. *Marshall v. Sielaff,* 492 F.2d

---

3. This Court has never before found it necessary to hold an attorney in contempt for failing to comply with an Order. That the Court was required to take such a drastic measure is evidence of the frustration the Court encountered in bringing this case to trial.

917 (3d Cir. 1974); *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853 (2d 1972); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir. 1968); *cert. denied* 392 U.S. 928, 88 S. Ct. 2287, 20 L.Ed.2d 1387 (1968); *United States v. Inter-American Shipping Corporation*, 455 F.2d 938 (5th Cir. 1972). However, the defendants are entitled to have the trial of this case proceed in a manner that complies with the Orders and rules of this Court and are entitled to have an end to this litigation. As the Supreme Court stated in *Link*, *supra* at 633:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an injust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." (citations and footnote omitted).

*See Spering v. Texas Butadiene & Chemical Corporation*, 434 F.2d 677 (3d Cir. 1970).

In light of the history of this litigation as outlined in this memorandum, the Court has determined that it must dismiss this action with prejudice.

Accordingly, the following Order is entered:

## ORDER

And now, this 23rd day of December, 1975, it is hereby Ordered that this action is dismissed with prejudice to the plaintiff.