**Demetre GERONYMO, Plaintiff,**

v.

**JOSEPH HORNE COMPANY, INC., a Pennsylvania Corporation and International Brotherhood of Painters and Allied Trades, Local No. 6, AFL–CIO, Defendants.**

Civ. A. 75–283.

United States District Court,
W. D. Pennsylvania.

Sept. 5, 1978.

George Retos, Jr., Retos, Symons & Clarke, Washington, Pa., for plaintiff.

James R. Williams, Jackson, Lewis, Schnitzler & Krupman, New York City, Gilardi & Cooper, Pittsburgh, Pa., Edward J.

Van Allen, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for defendants.

## MEMORANDUM

ZIEGLER, District Judge.

This is a civil action for money damages and injunctive relief filed on March 13, 1975 pursuant to the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq. Defendant, International Brotherhood of Painters and Allied Trades, Local No. 6, filed an answer denying the averments on April 4, 1975. Defendant, Joseph Horne Company, Inc., filed a motion to dismiss alleging want of subject matter jurisdiction on April 28, 1975. The Union then joined with Joseph Horne in the motion to dismiss. The motion was denied by the Honorable Gerald J. Weber on November 22, 1977.

Joseph Horne then filed an answer and served interrogatories pursuant to Rule 33, and a request for production of documents pursuant to Rule 34 on January 6, 1978.

On March 27, 1978, plaintiff filed *unverified* answers to defendant's interrogatories. No objections were made to any of the thirty-three interrogatories, but plaintiff failed to respond to interrogatories 19, 20, 25, 28, 32, and subdivisions of seven others, namely, 8(a), 9(a), 9(b), 11(b), 12(e), 13(a) and 14(a). Moreover, plaintiff failed to supply any of the requested documents.

On May 31, 1978, defendant moved to compel plaintiff to file answers to the interrogatories, and comply with the production request. After a review of the pleadings, the court ordered the following on June 30, 1978:

(1) Plaintiff file an affidavit with the Clerk to the answers to the first set of defendant's interrogatories on or before July 17, 1978;

(2) Plaintiff file, with the Clerk, verified answers to interrogatory numbers 19, 20, 25, 28, 32, 8(a), 9(b), 11(b), 12(e), 13(a) and 14(a) on or before July 24, 1978;

(3) Plaintiff produce the documents requested and specified by defendant in its First Request for Production of Documents dated January 6, 1978 on or before July 17, 1978;

(4) Plaintiff file, with the Clerk, more specific and responsive answers to interrogatory numbers 6, 21(a), 21(b) and 21(c), as well as the specific addresses of the employers referred to in plaintiff's answer to interrogatory number 26.

Previously, the court had invoked Local Rule 5 II and, on June 7, 1978, plaintiff was ordered to file a pretrial narrative statement on or before August 14, 1978. Defendants were required to file a similar pleading on or before August 28, 1978.

Plaintiff failed to comply with the orders of June 7 and 30, 1978 in any manner and, as a result, Joseph Horne moved to dismiss the complaint pursuant to Rules 37(b)(2), (c) and 37(d) of the Federal Rules of Civil Procedure. On August 17, 1978, the court ordered oral argument on defendant's motion for August 30, 1978, at 9 a. m. *Neither plaintiff nor his counsel appeared at the argument as scheduled.* Two attorneys appeared for Joseph Horne, including counsel from New York City. Due to plaintiff's failure to comply with the orders of this court dated June 7, June 30 and August 17, 1978, the case will be dismissed with prejudice.

### Discussion

The power of a district court to dismiss for want of timely prosecution is well established. *Link v. Wabash R. R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Spering v. Texas Butadiene & Chemical Corp.*, 434 F.2d 677 (3d Cir. 1970). The remedy is harsh but the ultimate decision rests with the sound discretion of the district court. In the instant case, plaintiff has violated various orders of this court including, but not limited to the following particulars: (1) failure to file answers to interrogatories; (2) failure to produce documents; (3) failure to file an affidavit to answers to interrogatories; and (4) failure to file a pretrial statement. Even as late as the date on which the court scheduled argu-

ment on the motion for dismissal, plaintiff has made no effort to remedy the omissions. These oversights have been multiple, on-going, significant and unexplained.

The only explanation for these transgressions, which we can glean from the record, relates to counsel's alleged inability to communicate with his client in English. We have been advised, however, that plaintiff and his counsel speak fluent Greek and therefore we perceive no valid explanation for these actions.

The motion of Joseph Horne Company, Inc. to dismiss will be granted pursuant to Rule 41(b).