**118**

In re EAST RIVER RESTAURANT
ASSOCIATES, INC., d/b/a The
Coho, Debtor.

John S. PEREIRA, as Trustee in Bank-
ruptcy of East River Restaurant Associ-
ates, Inc., d/b/a The Coho, Plaintiff,

v.

OCEAN–CLEAR, INC., Defendant.

Bankruptcy No. 85 B 10726 TLB.
Adv. No. 87–6210 A.

United States Bankruptcy Court,
S.D. New York.

Feb. 6, 1992.

John S. Pereira, New York City, trustee
and atty., for trustee-plaintiff.

David C. Sprafkin, New York City, for
defendant.

### MEMORANDUM DECISION ON
### DEFENDANT'S MOTION
### TO DISMISS

TINA L. BROZMAN, Bankruptcy Judge.

In December, 1987, Trustee–Plaintiff sued Ocean–Clear, Inc. (Ocean–Clear), to recover preferential payments allegedly received by it. I tried the adversary proceeding on December 14, 1989. At the close of the trial, I directed both parties to "prepare findings [and] conclusions keyed to the pages of the transcript. And I would like those submit[ted to] me—you can exchange them within three weeks after your receipt of the transcript. That should be adequate time. When I have reviewed the matter, I will either issue a written decision or have my Law Clerk call you down to the Court and read something into the record." (Transcript at 90).

Ocean–Clear contends that the Trustee agreed to serve it with a copy of the transcript much as he had done in prior proceedings and that, therefore, Ocean–Clear had no obligation to submit its own findings and conclusions until the Trustee supplied the transcript. (In support of this contention, Ocean–Clear notes that when the Trustee finally did serve the proposed findings, he included a copy of the transcript.) Although the transcript was filed on March 8, 1990, and subsequently mailed to the Trustee, Ocean–Clear did not receive from the Trustee the transcript and the proposed findings until June 28, 1991, more than one year after the date which I had discussed at the conclusion of trial. Ocean–Clear now moves to dismiss the complaint on the grounds that the Trustee has failed to comply with the Court's time specifications. What Ocean–Clear ignores, of course, is that my direction was not

unilateral; the parties were to *exchange* findings and conclusions three weeks after receipt of the transcript.

Local Rule 18, entitled "Proposed Findings of Fact and Conclusions of Law", states in part "any party submitting Proposed Findings of fact and Conclusions of law, shall serve them on all the parties in the time fixed by the Court." Bankruptcy rule 9006(b)(1) states in part "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by *order of court*, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." (Emphasis added.)

It is Ocean–Clear's view that the Trustee violated Local Rule 18 because he failed to comply with the three week time period which I had fixed. I cannot overlook this dereliction, Ocean–Clear says, because the Trustee never applied pursuant to Bankruptcy Rule 9006(b)(1) for an enlargement of time and has not shown "excusable neglect." The Trustee's delay is so much the worse, argues Ocean–Clear, because pursuant to section 704 of the Bankruptcy Code, 11 U.S.C. § 704, he was required to act as "expeditiously as is compatible with the best interests of parties in interests." Ocean–Clear concludes from all this that the complaint should be dismissed.

In opposition to Ocean–Clear's motion, the Trustee asserts that no prejudice resulted from the "inadvertent delay" in the submission of the proposed findings. Acknowledging that his office received the transcript "some time ago" (Trustee's opposition application at 2), he explains that he was unaware of this fact. He also disputes that he ever agreed to supply Ocean–Clear with a copy of the transcript. Thus, he argues, it was the responsibility of both parties to complete the proposed

findings. Alternatively, the Trustee contends that I never specifically mandated that the proposed findings be submitted within three weeks of receipt of the transcript, but rather suggested that three weeks be given to review the proposed findings after exchange of these documents between the parties. The Trustee requests that since I have heard a full trial on the merits I now render a final decision. To act otherwise, he urges, would result in injustice and prejudice to the creditors of the estate.

Whether the Trustee may have informally agreed to supply Ocean–Clear with a copy of the transcript is quite beside the point. No such agreement was placed on the record. And if one regards my direction at the close of trial as an order, as does Ocean–Clear, then plainly Ocean–Clear is as much in default of that order as is the Trustee, for Ocean–Clear was equally responsible for submitting its own findings and conclusions three weeks after the transcript was supplied by the court reporter.

Aside from cases cited to support its contention that inadvertent delay does not constitute excusable neglect, Ocean–Clear cites no case law in support of its motion to dismiss based on the Trustee's failure to serve the proposed findings. Manifestly, the burden of pursuing an action rests with the plaintiff. *See United Merchants and Manufacturers, Inc. v. Spare Parts (In re United Merchants and Manufacturers, Inc.),* 86 B.R. 764 (S.D.N.Y.1988). In addition, although not raised by Ocean–Clear, Bankruptcy Rule 7041, which adopts Rule 41 of the Federal Rules of Civil Procedure, authorizes the court in its discretion to dismiss a case where the plaintiff has failed to prosecute or to comply with a court order. *Harding v. Federal Reserve Bank,* 707 F.2d 46 (2d Cir.1983).

Characterizing dismissal as a " 'harsh remedy to be utilized only in extreme situations' ", *Harding* sets forth several factors to consider in deciding whether dismissal under Rule 41(b) is warranted. *Id.* (citing *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.1972)). These include

the duration of the plaintiff's failures, whether the plaintiff had received notice that further delays would result in dismissal, whether the defendant is likely to be prejudiced by further delay, whether a balance has been struck between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and whether the judge has considered imposing lesser sanctions. At least one commentator, citing by analogy a Supreme Court decision involving failure to comply with discovery under Rule 37, notes that "a clear record of intentional misconduct must be shown" in order to warrant a Rule 41(b) dismissal. 5 J. Moore, *Moore's Federal Practice*, ¶ 41.12 at 41–155 (2d ed.1988) (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)).

In *Harding*, the court of appeals held that the district court abused its discretion in dismissing a complaint pursuant to Rule 41(b). The plaintiff had failed to file an amended complaint within the time period specified in a court order. Two days after the due date, plaintiff requested and obtained an extension. When an additional extension was subsequently requested, the district court dismissed the complaint pursuant to Rule 41(b). In reversing, the court of appeals reasoned that there had been no notice of impending dismissal, there was no suggestion that the extension would prejudice defendant, and there had been no prior attempt to impose lesser sanctions.

A subsequent case applying the *Harding* standards reached a similar result. *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930 (2d Cir.1988). In *Alvarez*, the plaintiff failed to prepare and file her portion of a proposed pre-trial order as directed by the district court. At a pre-trial conference three weeks later, the plaintiff petitioned the court for an extension. Instead, the court dismissed the case pursuant to Rule 41(b). The Court of Appeals held that this measure was unnecessarily drastic. The plaintiff had timely complied with all previous court requests, the plaintiff had no warning that missing the deadline would result in dismissal or

that the extension application had to be filed by the time of the pre-trial conference, there was no assessment of the adequacy of lesser sanctions, and there was insufficient proof of prejudice to the defendant.

*Alvarez* and *Harding* demonstrate the general reluctance in this circuit to employ the Rule 41(b) dismissal absent intentional misconduct. Cases in other jurisdictions are to similar effect. For example, in *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554 (5th Cir.1981), the court found that dismissal was unwarranted despite plaintiff's failure to comply with two court orders. The first order required the parties to file a pre-trial order by a certain date. The second order, resulting from a separate pre-trial conference, required filing proposed findings of fact and conclusions of law within 20 days of the conference. Plaintiff was 6 days late with respect to the first order and 43 days late with respect to the second. The district court's dismissal of the complaint was reversed because the district court did not consider a lesser sanction, dismissal of the complaint would forever bar suit by the plaintiff due to the running of the statute of limitations, and the plaintiff's conduct was negligent, not wilfully wrong. *See also Raiford v. Pounds*, 640 F.2d 944 (9th Cir.1981) (no dismissal for failure to file timely pre-trial order where the only prejudice claimed by defendant was heightened anxiety and "fading" of witnesses' memories); *cf. Geronymo v. Joseph Horne Co.*, 80 F.R.D. 84 (W.D.Pa.1978) (dismissal under 41(b) was appropriate where plaintiff failed to file answers to interrogatories, failed to produce documents, failed to file an affidavit, failed to file a pre-trial statement, and made no effort to remedy the omissions even as late as the date scheduled for dismissal motion); *Koury v. Int'l Brotherhood of Teamsters*, 69 F.R.D. 474 (E.D.Pa.1975) *aff'd*, 547 F.2d 1161 (3d Cir. 1976) (complaint dismissed because of plaintiff's failure to file a pre-trial order and because of other continual delays).

In all these cases, plaintiff alone was culpable. Here, on the other hand, both parties have been delinquent. Moreover,

the Trustee has shown no pattern of non-compliance with court orders and, indeed, has tried his case. If there is reluctance to dismiss a case for failure to prosecute before trial, then surely there ought be greater reluctance to do so after trial.

Since the case has been fully tried, even if the Trustee alone had been negligent, which he has not, he has caused absolutely no prejudice to Ocean–Clear. Perhaps recognizing this, Ocean–Clear's only reference to prejudice is that its expectation (quite ill-founded from the court's perspective) that the action had been abandoned was frustrated. Given that I had directed the parties to exchange findings and exclusions, Ocean–Clear acted at its peril in simply sitting by. I do not condone the conduct of either party. Yet it would be nothing short of punitive to dismiss this complaint when both parties failed to heed my direction.

The motion to dismiss is denied. Ocean–Clear is to submit its proposed findings of fact and conclusions of law within 15 days of entry of an order consistent with this decision. SETTLE ORDER.