Clarence MARSHALL, Jr., Appellant,

v.

Allyn R. SIELAFF et al.

No. 73–1630.

United States Court of Appeals,
Third Circuit.

Argued Nov. 29, 1973.

Decided Feb. 27, 1974.

R. Stanton Wettick, Jr., Pittsburgh, Pa., for appellant.

Israel Packel, Atty. Gen., Donetta W. Ambrose, Asst. Atty. Gen., Pittsburgh, Pa., for appellee.

Before ADAMS and ROSENN, Circuit Judges and SHERIDAN, District Judge.

SHERIDAN, District Judge.

This is an appeal from an order of the district court for the Western District of Pennsylvania denying in part appellant's motion for a writ of habeas corpus *ad testificandum* and granting dismissal of his action for lack of prosecution.

This civil rights action was initiated in June 1972 to secure redress for various allegedly unconstitutional actions by the defendants. Appellant, Clarence Marshall, Jr., an inmate incarcerated at the State Correctional Institution at Graterford, Pennsylvania, filed a complaint under 42 U.S.C.A. § 1983 against certain prison officials and medical personnel at the State Correctional Institution at Pittsburgh, Pennsylvania. In his complaint, appellant made several al-

**918**

legations of violations of his constitutional and civil rights, including the claim that he had been subjected to medical mistreatment while previously incarcerated at the State Correctional Institution at Pittsburgh.[1] Specifically, the appellant claims that he injured his elbow, which required medical attention and an operation, which were refused.

Prior to the date set for trial, appellant filed a motion for a writ of habeas corpus *ad testificandum* for the appearance of five inmates (including appellant). The district court granted the writ in part, ordering the appearance of the appellant and Rayford Smith, a witness incarcerated at the State Correctional Institution at Pittsburgh. The court denied the motion for the writ as to the other three witnesses—Walter P. McGough, Foster Thomas and Hezekiah Thomas, all of whom were incarcerated at the State Correctional Institution at Graterford—on the ground that the court had no jurisdiction in a civil case to issue such a writ for persons confined outside the territorial limits of the Western District of Pennsylvania.[2]

On the date set for trial, appellant filed a motion for reconsideration of the denial of the writ as to the three inmates at Graterford. At this time, appellant's counsel advised the district court that these witnesses were essential and that appellant would not proceed with the trial in their absence. Counsel had advised appellant to proceed even if the court denied his motion for reconsideration, because in counsel's opinion this was the "proper procedure." Appellant refused to proceed. The defendants moved to dismiss the action for failure to prosecute. After hearing oral argument on the motions, the court adjourned the hearing to take them under consideration. The court thereafter denied appellant's motion for reconsideration and granted defendants' motion to

dismiss for lack of prosecution. The district court based its denial on the ground that it lacked jurisdiction to issue a writ of habeas corpus *ad testificandum* for persons confined outside the territorial limits of its district, and added that even if the court had the power to issue the writ, it would have been discretionary and, under the circumstances of this case, the court would have refused to issue it.

■ Under Rule 41(b) of the Federal Rules of Civil Procedure, as well as under the inherent power of the court, a case may be dismissed with prejudice for want of prosecution. Dismissal is a harsh remedy and should be resorted to only in extreme cases; the policy of the law is to favor the hearing of a litigant's claim upon the merits. Davis v. Operation Amigo, Inc., 10 Cir. 1967, 378 F.2d 101, 103. Nevertheless, the authority to dismiss for lack of prosecution, both on defendants' motion and *sua sponte*, is an inherent ". . . control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash Railroad Co., 1962, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734. Thus, the scope of appellate review of an order of dismissal is extremely narrow, confined solely to whether the trial court has abused its discretion. Dyotherm Corp. v. Turbo Machine Co., 3 Cir. 1968, 392 F.2d 146; Theilmann v. Rutland Hospital, Inc., 2 Cir. 1972, 455 F.2d 853. No precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute, but the procedural history of each case must be examined in order to make that determination. The power of the court to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of litigation on its merits. Link v.

1. The district court granted partial summary judgment on the ground of res judicata on all issues except the claim of lack of proper medical treatment for plaintiff's injured el-

bow. Appellant did not appeal from this judgment.

2. The State Correctional Institution at Graterford is located in the Eastern District of Pennsylvania.

Wabash Railroad Co., supra; Dyotherm Corp. v. Turbo Machine Co., supra; Theilmann v. Rutland Hospital, Inc., supra; Richman v. General Motors Corp., 1 Cir. 1971, 437 F.2d 196; U.S.N. Co., Inc. v. American Express Co., E.D.Pa. 1972, 55 F.R.D. 31.

 From a careful consideration of the history of this litigation and from all the surrounding circumstances, we hold that the district court's dismissal of plaintiff's case for lack of prosecution was not an abuse of discretion. Indeed, appellant left the district judge no choice. The appellant refused to proceed with the trial because of the court's adverse decision on his motion for issuance of a writ *ad testificandum* for the three inmates at Graterford, despite the advice of his counsel that the "proper procedure" was to proceed. Both the appellant and Rayford Smith were present, having been transferred by the prison authorities to the courthouse. The issues in the case may well have been resolved without the other inmate witnesses. If appellant had proceeded, he might have been successful. If appellant had proceeded and lost, the appellate court would have had a complete record upon which to make its determination.

For these reasons we affirm the dismissal for lack of prosecution and do not reach the substantive issue involving the denial of the writ of habeas corpus *ad testificandum*. To adjudicate the issue of the writ under the circumstances of this case would undermine the "basic and persisting policy against piecemeal appeals." *Cf.* Borden Co. v. Sylk, 3 Cir. 1969, 410 F.2d 843; Kelly v. Greer, 3 Cir. 1961, 295 F.2d 18; Panichella v. Pennsylvania Railroad Co., 3 Cir. 1958, 252 F.2d 452, 454. If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C.A. § 1291. To review the district court's refusal to grant the writ under the facts of this case is to invite the inundation of appellate dockets with requests for review of interlocutory orders and to undermine the ability of trial judges to achieve the orderly and expeditious disposition of cases.

The order of the district court dismissing the action for want of prosecution will be affirmed.