Michael AUNGST, Plaintiff,

v.

CONTINENTAL MACHINES, INC., and DoAll Company, Defendants.

Civ. A. No. 81-0025.

United States District Court,
M. D. Pennsylvania.

May 15, 1981.

Hugh G. Grady, Philadelphia, Pa., for plaintiff.

G. Thomas Miller, Harrisburg, Pa., for defendant DoAll.

## MEMORANDUM

RAMBO, District Judge.

Plaintiff filed his complaint against the captioned defendants on January 7, 1981. Defendant DoAll Company (hereinafter DoAll), filed an answer on February 2, 1981, in which it averred as its fourth defense that plaintiff's claim was barred by the dismissal of a prior action founded upon the same claims. On March 24, 1981, DoAll filed a motion for summary judgment, asserting the bar as alleged above. Plaintiff responded to the motion on April 3, 1981; the motion is now ripe for disposition.

The court views the present motion as consisting of two issues:

1. Was the dismissal of plaintiff's prior case, 80–0558, with prejudice?

2. If the dismissal was with prejudice, was such a dismissal proper, given the strong policy of hearing a litigant's claims on the merits?

Before addressing these issues, it is imperative to analyze the facts leading up to the dismissal of 80–0558. Plaintiff had filed a complaint against DoAll alone and had, contrary to Local Rule 101.06[1], demanded a specific sum for unliquidated damages. DoAll filed a motion to strike on September 24, 1980, and in a letter dated September 25, 1980, requested the court to "hold in abeyance" the motion to strike pending the decision by plaintiff whether or not to discontinue the action. DoAll's letter indicated it was of the opinion plaintiff was contemplating the institution of a new action against two other parties who were presumably the "proper" defendants. No communication was received from the plaintiff.

On October 29, 1980, the court, after taking notice that no action had been taken by the plaintiff, held the ad damnum clause violated Local Rule 101.06, dismissed the complaint, gave plaintiff 30 days in which to file an amended complaint, and put plaintiff on notice that failure to file within the specified time would result in dismissal of the action. Plaintiff did not file an

amended complaint within the 30 day period, nor did plaintiff request an extension of time within which to file, nor did plaintiff advise the court of any reason why he should not obey the court's order of October 29, 1980. In short, plaintiff did nothing.

On December 2, 1980, the court ordered the case dismissed and directed the Clerk of Court to close the file. Again no communication or objection was directed to the court by plaintiff. On January 7, 1981, just over one month later, plaintiff filed the present action, against DoAll and Continental Machines, Inc.

As provided in Rule 41(b) of the Federal Rules of Civil Procedure,

"Unless the Court in its Order for Dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, or improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

The dismissal of 80–0558 was caused by plaintiff's failure to comply with the court's order of October 29, 1980, not for lack of jurisdiction, or improper venue, or failure to join a party under Rule 19.

DoAll contends that the court's final dismissal of 80–0558 on December 2, 1980 was with prejudice. Plaintiff does not address whether or not the dismissal of 80–0558 was with prejudice. Instead, he argues that there were extenuating circumstances that, if they did not justify non-compliance with the court's order, should work to estop DoAll from raising the dismissal of 80–0558 as a bar to the present action.

■ The court agrees with DoAll that the dismissal of 80–0558 was with prejudice. While the phrase "with prejudice" was not expressly stated in the December 2, 1980 order, the facts leading up to the order, when coupled with Rule 41(b), leave no doubt that the dismissal of 80–0558 was with prejudice.

---

1. Superseded by Local Rule 107, effective March 1, 1981.

■ Having determined that the dismissal of 80–0558 was with prejudice and would act as a bar to the present action,[2] the court must re-examine the dismissal to determine if it was warranted in that instance. The court is cognizant of the strong policy of law that favors deciding a claim upon the merits and of the fact that dismissal for refusing to comply with court orders or for lack of prosecution is a harsh remedy and should be resorted to only in extreme cases. *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974). To be weighed against that policy, however, is the power and responsibility of the court to achieve orderly disposition of the cases before it and to maintain some degree of deference to its orders. *Id.*

In looking at the salient facts before the court, plaintiff was first made aware of the defect in his complaint[3] when DoAll filed its motion to strike on September 23, 1980. By letter dated September 25, 1980, *DoAll*, not plaintiff, notified the court that plaintiff was contemplating the institution of another suit and the discontinuance of 80–0558. No word was received from either party for over a month. The court then ordered the complaint dismissed, afforded plaintiff 30 days to file an amended complaint, and put plaintiff on notice that his inaction within the 30 days would result in dismissal of the action. Despite this admonition by the court, plaintiff chose to do nothing. Plaintiff could have amended the complaint, filed for an extension of time, or at the very least informed the court of the alleged extenuating circumstances.

Plaintiff, in his brief contra to DoAll's motion for summary judgment, states "There was no reason for plaintiff to have amended the complaint when defendant's counsel was well aware that it was the plaintiff's intention to file a second complaint, properly naming the DoAll Company as the distributor of the machine in question." (Plaintiff's Brief, p. 2). Plaintiff further avers that the "reason for the filing of a new complaint was because of information given to plaintiff's counsel . . . that the DoAll Company was incorrectly named as the manufacturer of the machine in question." This argument is specious; such corrections are not made by the filing of a new complaint and initiation of a new case, but rather by filing an amended complaint. Indeed, plaintiff could have achieved all that he desired and complied with the order of court had he timely filed an amended complaint. He did not. In short, the court perceives plaintiff's "reasons" justifying his refusal to abide by the court's order as a camouflage of his conscious indifference.

In addition, while the dismissal of 80–0558 with prejudice may bar any action by plaintiff against DoAll, it does not prevent him from seeking relief from Continental Machines, Inc., the manufacturer of the allegedly defective piece of equipment. In that regard, plaintiff is not denied his day in court.

■ Given the fact that plaintiff was given ample notice that his inaction would result in dismissal, that plaintiff took no action whatsoever to prevent the dismissal, that plaintiff did not object to the dismissal when ordered, that plaintiff's reasons for not complying with the court's order and filing an amended complaint were not credible, and that plaintiff is not totally barred from seeking recovery on his claim, the court is of the opinion the dismissal of plaintiff's case, with prejudice, was warranted. Accordingly, the court will grant DoAll's motion for summary judgment.

---

2. It is not contested by plaintiff that the underlying cause of action and relief sought in the present action are identical to those in 80–0558, and therefore would establish a complete bar against DoAll.

3. The complaint filed in the previous action, 80–0558.