

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2002

# Admark Jewelry Corp v. UPS

Precedential or Non-Precedential:

Docket 01-2221

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Admark Jewelry Corp v. UPS" (2002). *2002 Decisions.* Paper 210.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/210

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2221
_____


ADMARK JEWELRY CORPORATION,
                                        Appellant

                    v.

           UNITED PARCEL SERVICE


_____

       On Appeal from the United States District Court
            for the Eastern District of Pennsylvania
               D.C. Civil Action No. 99-cv-02227
               (Honorable Ronald L. Buckwalter)
                   _____


        Submitted Pursuant to Third Circuit LAR 34.1(a)
                       March 7, 2002

       Before:  SCIRICA and COWEN, Circuit Judges, and
   RESTANI, Judge, United States Court of International Trade*

                   (Filed March 26, 2002)




     *The Honorable Jane A. Restani, Judge, United States Court of International Trade,
sitting by designation.



                   _____

                   OPINION OF THE COURT
                   _____


SCIRICA, Circuit Judge.

     Admark Jewelry Corporation filed suit against United Parcel Service, Inc. (UPS)
in the United States District Court for the Eastern District of Pennsylvania, alleging
negligence and breach of contract for the loss or misdelivery by UPS of over 6,000
packages of jewelry.  On the date of trial, Admark refused to prosecute the case.  The
District Court granted UPS' motion to dismiss the case for failure to prosecute under
Fed.R.Civ.P. 41(b).
                                        I.
     We review an order of dismissal under Fed.R.Civ.P. 41(b) for abuse of discretion.
Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1974).  Fed.R.Civ.P. 41(b) provides that
"[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of
court, a defendant may move for dismissal of any action or of any claim against him . . . .

[A] dismissal under this subdivision . . . operates as an adjudication on the merits."
We have stated

> the authority to dismiss for lack of prosecution, both on defendants' motion
> and sua sponte, is an inherent . . . control necessarily vested in courts to
> manage their own affairs so as to achieve the orderly and expeditious
> disposition of cases . . . . No precise rule can be laid down as to what
> circumstances justify a dismissal for failure to prosecute, but the procedural
> history of each case must be examined in order to make that determination.
> The power of the court to prevent undue delays and to achieve the orderly
> disposition of cases must be weighed against the policy of law which
> favors disposition of litigation on its merits.

Marshall, 492 F.2d at 918 (citations and quotations omitted).

                                    II.


     After carefully considering the history of this litigation, it is clear the District
Court did not abuse its discretion.  This case was pending for almost two years before the
District Court.  During that time, Admark engaged in dilatory conduct.  The District
Court was forced to warn Admark to comply with pretrial discovery "or else risk the
dismissal of [its] claims."  On April 23, 2001, one week before trial, Admark's president
Phillip Kramer refused to proceed with his deposition unless Admark's counsel was
permitted to withdraw from the case.  In a telephone conference with the parties, the
District Judge repeatedly told Admark if he allowed its counsel to withdraw, the court
would not grant a continuance of the trial date.
     Despite the District Court's repeated admonitions that it would not grant a trial
continuance, Admark filed an Emergency Motion for Continuance on April 27, 2001,
which was denied the same day.  Nonetheless, on April 30, 2001, the day the trial was
scheduled to begin, Admark appeared in court, represented by new counsel, who
informed the court he could not proceed unless a continuance were granted.  The District
Court denied this request and directed Admark to proceed with its case.  When it refused
to do so, the District Court granted UPS' motion to dismiss the case for failure to
prosecute under Fed.R.Civ.P. 41(b).  We see no abuse of discretion.

                                    III.
     For the foregoing reasons, the order of the District Court dismissing the action for
want of prosecution will be affirmed.

TO THE CLERK:

     Please file the foregoing opinion.



                          /s/ Anthony J. Scirica
                              Circuit Judge