

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2007

# Iseley v. Bitner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3155

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Iseley v. Bitner" (2007). *2007 Decisions.* Paper 1613.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1613

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-110                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3155
_____

CHARLES ISELEY,

Appellant

v.

ROBERT BITNER; JEFFREY BEARD; RICHARD ROE; JEFFREY JOE; B. LANE;
FRANK GILLIS; R.E. JOHNSON; MEDON; D. MCMAHON; KENNETH KYLER; J.L.
GRACE; R.M. LAWLER; RAYMOND COLLERAN; EDWARD BIESLAWSKI; PAUL
DELROSSO; RONALD RICHARD; BOOTH; JOHN DOE; MICHAEL MOE; PETER
POE; HARRIET HOE; WILLIAM STICKMAN; DAN DAVIS; SHARON DELETTO;
MARK CAPOZZA; KENNETH MILLER; KENT WARMAN; F. BARNES;M.
MAHLMEISTER; M. SMITH; D. DAY; B. MARTIN; C. HARRIS; MCCOMBIE;
GUMBAREVIC; GUYTON; ESMOND; R. WORKMAN; B. WRIGHT; BLAKE;
BRIAN HYDE; JOEL DICKSON; NEAL MECHLING; CAROL A. SCIRE; DAVID
GOOD; DEBRA SAVERS; PAULA TEETER; FRANK NEDWIDEK; CHARLES
SHANE; RONALD BLANDFORD; GARRY GALLUCCI; REBECCA KESSLER;
SHELLEY MANKEY; and MARLENE STEWART
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 02-cv-02123)
District Judge: Honorable Alan N. Bloch
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 1, 2007

Before: SLOVITER, CHAGARES AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed:  February 15, 2007)

_____

OPINION
_____

PER CURIAM

Charles Iseley, Sr., an inmate, appeals from the District Court's order dismissing his complaint. For the following reasons, we will dismiss Iseley's appeal.[1]

On December 11, 2002, Iseley initiated this action by filing a complaint, in forma pauperis, alleging various instances of constitutional rights violations by numerous prison officials.[2] See 42 U.S.C. § 1983. On February 23, 2004, Iseley filed an amended complaint, similar in most respects to his initial complaint, again alleging a myriad of constitutional violations occurring over a two-year span and involving 55 defendants at five prisons across Pennsylvania. In doing so, the Magistrate Judge noted, in a report entered on April 7, 2005, that Iseley was "attempting to combine a minimum of four, and possibly five, different complaints and causes of action into one." Given the numerous difficulties inherent in seeking to remedy such a bevy of allegations, the District Court, on April 18, 2005, ordered Iseley to file separate complaints alleging only the facts which occurred at each facility and naming as defendants only those persons at those respective

_____

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Iseley has been granted in forma pauperis status on appeal, pursuant to 28 U.S.C. § 1915, we first review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

[2] In September 2003, Iseley was granted IFP status in the District Court. The order granting Iseley this status was later recommended to be revoked by the Magistrate Judge; however, at that time Iseley had already paid the $150 filing fee in his case leading the District Court to vacate the Magistrate Judge's recommendation.

facilities.[3]  On August 9, 2005, the District Court reiterated its previous order compelling Iseley to file separate complaints and set a deadline of September 6, 2005.  The court also noted that failure to comply with its deadline would "result in entry of an order dismissing this action."

On the following dates the court granted Iseley motions to extend the time in which to comply with the court's order: September 12, October 13, and January 9.  In its final extension grant, the court noted that Iseley would be permitted until April 13 to comply with the court's order and that no further extensions would be granted.  On March 17,  Iseley filed a document entitled "Court-Ordered Complaint."  On March 31, the District Court addressed this complaint noting that although it appeared to partially comply with the court's order, it remained faulty because it incorporated Iseley's previous complaint by reference, thus "negati[ing] the very purpose for which the Court initially ordered [Iseley] to file separate complaints."  The Magistrate Judge dismissed Iseley's "Court-Ordered Complaint" without prejudice to file, within 30 days, one or more complaints that complied with the District Court's original order.  After receiving nothing from Iseley, the District Court ordered, on May 8, that Iseley's matter be dismissed.  Iseley then filed yet another motion for extension of time which was denied by the District Court on May 11.  On May 22, Iseley filed a motion for reconsideration which

---

[3] Seemingly as a measure of fairness to Iseley, the District Court waived the filing fees that Iseley would have incurred in filing the additional individual complaints.

the District Court denied two days later.  Iseley subsequently filed a timely appeal.[4]

The District Court's dismissal of Iseley's suit was equivalent to a dismissal for failure to prosecute and was entirely appropriate.  A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b).  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties.  See Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992).  Ordinarily a District Court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), when deciding, sua sponte, to use dismissal as a sanction.  When a litigant's conduct makes adjudication of the case impossible, however, such balancing under Poulis is unnecessary.  See Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).  We find that this is such a case.

Iseley not only utterly failed to comply with court orders, but, as is obvious from our recitation, was afforded a plethora of chances to remedy the situation and never chose to properly do so.  Further, this case has meandered for many years with no perceptible

---

[4] Iseley's appeal concerns the District Court's May 18, 2006 and May 23, 2006 orders and cannot be construed as having been filed from any of the District Court's other post-judgment type orders, as his NOA indicates, because his motion for reconsideration was not filed within ten days of such orders.  See Fed. R. App. P. 4(a)(4)(A)(iv).  Further, to the extent that Iseley's refusal to comply with the District Court's orders can be interpreted as an attempt to seek appellate review of the court's earlier orders, he cannot do so.  See Marshall v. Sielaff, 492 F.2d 917, 919 (3d Cir. 1974).

progress due to Iseley's repeated obstructions and contumacious conduct. Thus, it is plain from our review of the record that such facts warranted the District Court's dismissal.

For the foregoing reasons, this appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B).