

Villanova University School of Law
Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2007

# Lee v. Krieg

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4180

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Lee v. Krieg" (2007). *2007 Decisions.* Paper 1318.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1318

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4180
_____

DENNIS LEE,

Appellant

v.

ERIC KRIEG;
JOHN DOES 1-10;
JANE DOES 1-10;
JOHN DOE CORPORATIONS 1-10
_____

On Appeal From the United States District Court
For the District of New Jersey
(Civil No. 06-cv-00278)
District Judge: Honorable Kathryn S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
March 21, 2007

Before: RENDELL, COWEN and VAN ANTWERPEN, Circuit Judges

(Filed: April 11, 2007)

_____

OPINION
_____

PER CURIAM

Dennis Lee, proceeding pro se, appeals an order of the United States District Court

for the District of New Jersey dismissing his complaint as improperly filed.

In January 2006, Lee filed a complaint against Krieg, alleging that Kreig and other un-named persons intercepted private phone conferences between Lee and his business associates, disrupted live demonstrations Lee sponsored at various locations, and used the internet to make false accusations of fraud against Lee. He claims tortious interference with economic relations and civil conspiracy. He seeks damages in the amount of one million dollars and injunctive relief.

The matter was referred to a Magistrate Judge who issued an order directing Lee to show cause why the matter should be allowed to proceed where the Complaint essentially reiterated allegations contained in <u>Lee v. Krieg, et al.</u>, Civ. A. No. 04-05521.[1] Lee filed a timely response. The Magistrate Judge recommended that the Complaint be dismissed as an improper attempt to reopen Civil No. 04-05521. Lee objected. The District Court overruled his objections, adopted the Magistrate Judge's Report and dismissed the action with prejudice and without costs. Lee timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the District Court's <u>sua</u> <u>sponte</u> dismissal of Lee's complaint pursuant to its inherent authority to control the docket. See <u>Marshall v. Sielaff</u>, 492 F.2d 917, 918 (3d

---

[1] The 2004 action was dismissed on November 30, 2005, "without prejudice and without costs, subject to the rights of the parties upon good cause shown within 60 days, to reopen the action..." The order refers to a settlement that appears not to exist.

Cir. 1974).[2]

This may just be a case of an improvidently filed pleading. It appears that Lee was trying to comply with the District Court order by filing his complaint within the sixty day period provided in the order. Lee explained in his response to the show cause order that Krieg's continued misconduct prompted Lee to re-file or re-open the matter. After conducting some research, Lee concluded, albeit erroneously, that he had to re-open the case by instituting a new action within the sixty-day period set forth in the dismissal order in 04-05521. He protested that he was not trying to avoid filing an application to reopen in 04-05521 in order to get his case before a different judge because he fully expected that the new case would be assigned to the same judge who presided over the 2004 case. Although Lee admitted that he would probably file a recusal motion, he claimed that "my re-filing is my attempt to reopen Civil No. 04-5521."

Lee's attempt to reopen the old case by filing a new complaint appears simply misguided and inartful. The question is whether the most extreme sanction of a dismissal with prejudice is warranted. Courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits, and thus, it is necessary for the district court

---

[2] The court did not indicate that it was acting under the authority of Rule 41(b). In any event, the standard of review is the same for Rule 41(b) dismissals. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). We review essentially the same factors with respect to the proper exercise of inherent authority, see Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982), as we do in analyzing the propriety of a Rule 41(b) dismissal, see Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984).

3

to consider whether measures short of dismissal would better serve the interests of justice. See Titus v. Mercedes Benz of North America, 695 F.2d 746, 749 (3d Cir. 1982).

There is nothing in this record indicating a history of dilatoriness on Lee's part or that Lee's action was contumacious, willful, or done in bad faith. If, as the record arguably suggests, Lee made a procedural mistake in an effort to comply with the court's prior order, it would seem appropriate to notify him of the mistake and dismiss the new complaint without prejudice to his filing a motion to re-open in the 2004 case. Although a court is not by any means required to do so, it may also decide in a case like Lee's that it is appropriate to deem the erroneously filed pleading as filed in the correct case as of the date the new pleading was filed in district court. This approach permits the court to close with dispatch the case that never should have been opened in the first place and it also provides the pro se litigant an opportunity to be heard in the case in which the litigant intended to be heard all along, with no prejudice to the opposing party.

We reiterate that the court has broad discretion in deciding whether to dismiss an action with prejudice under Rule 41(b) or pursuant to its inherent authority to manage its docket. In the absence of any consideration on the record by the District Court of measures less drastic than dismissal in Lee's case, however, we conclude that we cannot affirm the District Court's order dismissing the complaint with prejudice.

Accordingly, we will vacate the District Court's judgment and remand for further proceedings consistent with this Opinion. Lee's motion to strike Krieg's appellate brief is denied.