

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-29-2007

# Reshard v. Lankenau Hospital

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3170

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Reshard v. Lankenau Hospital" (2007). *2007 Decisions.* Paper 175.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/175

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No:  06-3170

CONNIE C. RESHARD,

Appellant

v.

THE LANKENAU HOSPITAL, d/b/a, a/k/a MAIN LINE HEALTH;
DR. MICHAEL J. GLASSNER; DR. JOHN SCHILLING; DR. MARK
E. SCOTT; DR. KIMBERLY M. LENHARDT; DR. THOMAS J. MEYER;
DR. GEOFFREY P. TREMBLAY; UNKNOWN RESIDENT; MAIN LINE HOSPITAL
INCORPORATED, a/k/a The Lankenau Hospital
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cv-01787)
District Judge:   Hon. R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2007

Before:    SCIRICA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*.

(Filed:   November 29, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

In this medical malpractice case, Connie C. Reshard appeals the final judgment of the United States District Court for the Eastern District of Pennsylvania, dismissing her complaint for failure to prosecute. For the reasons stated below, we affirm.

I.

Reshard, a member of the Pennsylvania Bar, brought this medical malpractice suit *pro se* against Lankenau Hospital and six doctors in 2002. Although no significant discovery had taken place, over 140 documents and motions had been filed in the case by the time it was reassigned to the Honorable R. Barclay Surrick from another District Judge. Judge Surrick denied all outstanding motions and ordered the discovery process to be started anew.

On November 26, 2003, the District Court ordered Lankenau Hospital to allow Reshard to inspect all of its records pertaining to her treatment and ordered her to produce before February 9, 2003 a statement from a qualified licensed professional indicating that there was a reasonable probability that the defendants' conduct in treating her fell outside acceptable professional standards. December 1, 2003, Reshard filed four new motions, which requested personal information from the District Judge and sought to vacate the Court's previous scheduling and discovery orders. The District Court denied all four motions in an order dated December 31, 2003. In early 2004, Reshard attempted to

appeal that order and certain other orders of the District Court, but her appeal was dismissed by this Court on November 16, 2004 for lack of jurisdiction.[1]

Although Reshard had an appointment to inspect the Lankenau Hospital records, she did not keep that appointment and did not reschedule. Nor did she produce the required statement from a qualified licensed professional. On February 20, 2004, the District Court held a scheduling conference. Reshard did not appear and did not contact the Court to explain her absence.

Over two years later, on April 28, 2006, the District Court dismissed the case *sua sponte* for failure to prosecute. At the time the District Court dismissed the case, Reshard had not contacted either the Court or the defendants since the missed February 20, 2004 scheduling conference.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

## II.

We review a district court's dismissal for failure to prosecute for abuse of discretion. *Spain v. Gallegos*, 26 F.3d 439, 454 n.17 (3d Cir. 1994). On appeal, Reshard argues that the dismissal was improper for three reasons. First, she argues that the dismissal was improper because the District Court acted *sua sponte* and did not notify her that it planned to dismiss. However, district courts have inherent power to dismiss *sua*

---

[1]This Court also dismissed on November 16, 2004 an appeal filed by Reshard in March 2003.

3

*sponte* for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Moreover, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id.* at 633.

Next, Reshard argues that the dismissal for failure to prosecute was improper because the District Court misapplied the applicable legal standard. We disagree. When considering whether to dismiss a case for failure to prosecute, courts generally should consider the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984):

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

In this case, the District Court considered the *Poulis* factors and concluded that all of them, except for the meritoriousness of the claim, favored dismissal. With respect to the meritoriousness of Reshard's claim, the District Court found that Reshard's own conduct in delaying the discovery process made that factor impossible to assess. In light of these findings, and under the circumstances of this case, we cannot say that the District Court abused its discretion in dismissing the case.

4

Third, and finally, Reshard argues that the District Court was without jurisdiction to enter the order of dismissal (or any other order) because Reshard had appeals pending before this Court. Once again, we disagree. Reshard's appeals were dismissed by this Court for lack of jurisdiction because the orders she was attempting to appeal from were not final within the meaning of 28 U.S.C. § 1291 and were not immediately appealable as collateral orders. As such, they did not deprive the District Court of jurisdiction:

> [T]he jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable. ... Indeed, a contrary conclusion would enable a litigant temporarily to deprive a district court of jurisdiction at any non-critical or critical juncture including trial itself, thus bringing proceedings in the district court to a standstill while a non-appealable ruling wends its way through the appellate process.

*Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985) (internal quotation and citation omitted). Accordingly, Reshard's improper appeals did not preclude the District Court from proceeding with this case and, ultimately, dismissing it for failure to prosecute. [2]

[2] Because we hold that the District Court's dismissal was proper, we decline to address Reshard's arguments regarding certain allegedly erroneous orders entered by the District Court prior to dismissing the case. Indeed, to the extent that Reshard argues that her actions (or lack thereof) in this case would be excused by an erroneous order, she is incorrect. *See Marshall v. Sielaff*, 492 F.2d 917, 919 (3d Cir. 1974) ("If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened."); *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) ("A party disappointed with a court's ruling may not refuse to proceed and then expect to obtain relief on appeal from an order of dismissal or default.").

We also reject Reshard's assertion that Judge Surrick appears to be biased against her. The only basis Reshard offers in support of her allegation of bias is Judge Surrick's

III.

We have considered the remainder of Reshard's arguments and find them

unpersuasive.  For the foregoing reasons, we affirm the judgment of the District Court.

---

legal rulings, which are insufficient to establish that Judge Surrick was biased.  *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994).