**ALD-045**                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3386
_____

HECTOR L. HUERTAS,
                                        Appellant

v.

U.S. DEPARTMENT OF EDUCATION; DIANE SPADONI, Director,
Customer Care Group.  Borrower Services, in her official and individual capacity;
PREMIER CREDIT OF NORTH AMERICA, LLC; COLLECTCO, INC. d/b/a
Collection Company of America
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-03959)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 18, 2010
Before: SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed December 13, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Hector L. Huertas sued the defendants for alleged violations of the Fair Debt

Collection Practices Act relating to their efforts to collect on his student loan debt.  One

defendant, Collectco, Inc., filed a motion for judgment on the pleadings, which the District Court granted. Ultimately, on July 13, 2010, the action was dismissed with prejudice and closed when the District Court granted the remaining defendants' motions to dismiss Huertas's suit under Rule 37 of the Federal Rules of Civil Procedure for his failure to obey court orders relating to discovery. In the same order, the District Court dismissed as moot Huertas's "motion for facts to be taken as established, or alternatively, for summary judgment." Shortly thereafter, on July 15, 2010, in light of the District Court's order, a Magistrate Judge, ruling pursuant to a referral under 28 U.S.C. § 636(b)(1)(A), see D.N.J. L. Civ. R. 72.1(a), dismissed some pending pretrial motions as moot.

On August 6, 2010, Huertas filed his first notice of appeal, in which he challenged all the orders described above except the Magistrate Judge's order. However, he amended his notice of appeal to include that order on August 9, 2010. The U.S. Department of Education and Diane Spadoni present a motion to summarily affirm the District Court's judgment, arguing that the District Court did not abuse its discretion in dismissing the case after carefully considering the factors of Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Huertas opposes the motion.

We review a dismissal as a sanction under Rule 37 for violating court orders through the lens of the Poulis factors, asking also whether the District Court should have considered a less severe sanction. See In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir. 1993). Specifically, we consider the District Court's balancing of "(1) the extent of the

2

party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citing Poulis).  On consideration of these factors, we will affirm the District Court's decision to dismiss the case because no substantial issue is presented on appeal.  See L.A.R. 27.4; I.O.P. 10.6.

Huertas proceeded *pro se*, so the responsibility for any failure to prosecute falls on him.  See Emerson, 296 F.3d at 190.  The defendants suffered prejudice due to Huertas's delay in the proceedings, as well as his failure to comply with discovery requests, deposition notices, and related court orders.  The defendants spent time and money to file motions to compel discovery.  They also bore the cost of a court reporter when Huertas did not comply with a court order to appear for his deposition.

As the District Court explained in greater detail, Huertas had a history of dilatoriness.  For example, Huertas did not comply with several court-imposed deadlines to produce documents that he listed with his initial disclosures and to respond to written discovery requests propounded by the defendants.  Several times, the Magistrate Judge amended the scheduling order to change the date by which Huertas had to produce documents or other responses and otherwise entered orders for Huertas to comply with discovery requests.  More than once, Huertas did not appear for his scheduled deposition,

3

despite the Magistrate Judge's order that it be held over two days in respect for Huertas's stated medical condition and the Department of Education's agreement on short notice to conduct the deposition in a Magistrate Judge's jury room (instead of a courtroom) on Huertas's request. In addition, shortly before one of his scheduled depositions, he filed a motion to recuse the District Court judge and to stay the order compelling him to attend the deposition, an application which the Chief Judge of the U.S. District Court for the District of New Jersey denied on the conclusion that it was "wholly without merit." Given, among other things, the number of orders that Huertas violated, the District Court concluded that Huertas acted willfully and not merely negligently or inadvertently.

The District Court also explicitly considered whether lesser sanctions would be appropriate. As the District Court noted, monetary sanctions would not have been an effective alternative, because Huertas was proceeding *in forma pauperis*. See Emerson, 296 F.3d at 191. Warnings alone did not work. More than once, in the scheduling orders, the District Court told Huertas that failure to comply with its orders could lead to sanctions under Rules 16 and 37 of the Federal Rules of Civil Procedure that included dismissal of his complaint. Furthermore, the District Court specifically warned Huertas that the suit would be dismissed if Huertas did not appear for his again rescheduled deposition in March 2010. Huertas did not appear. Although he sought to stay the related scheduling order, he did not seek a protective order, and the motion he filed was ruled to be "wholly without merit."

The District Court also thoroughly considered the potential merit of Huertas's

4

claims. As the District Court acknowledged, some of Huertas's claims could be "deemed meritorious on the basis that the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. However, it cannot be said that the District Court abused its discretion in concluding that on balance, dismissal was warranted given the presence of other factors weighing in favor of dismissal in this case. See Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all Poulis factors must weigh in favor of dismissal).

For these reasons, we grant the motion for summary action, and we will affirm the District Court's decision to dismiss Huertas's suit under Rule 37 of the Federal Rules of Civil Procedure (and to dismiss as moot his "motion for facts to be taken as established, or alternatively, for summary judgment."). We will not consider the earlier order that Huertas seeks to challenge. See Marshall v. Sielaff, 492 F.2d 917, 919 (3d Cir. 1974). We also will not consider the Magistrate Judge's ruling that followed dismissal of Huertas's lawsuit. Even if Huertas's amended notice of appeal (his first notice of appeal that cited the pertinent order) could in some way serve as a notice of appeal to the District Court, it was untimely as an appeal from the Magistrate Judge's ruling. See Fed. R. Civ. P. 72(a). For this reason, Huertas waived review of the Magistrate Judge's order made pursuant to a referral under 28 U.S.C. § 636(b)(1)(A). See United Steelworkers of Am. v. New Jersey Zinc Co., 828 F.2d 1001, 1007-08 (3d Cir. 1987) (holding that a litigant must file objections in the District Court within the time period set forth in Rule 72 of the Federal Rules of Civil Procedure in order to preserve the issue).