**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 14-3894

———————————

BEAVER RESOURCES CORPORATION,

Appellant

v.

WILLIAM BRAWAND

———————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 1-08-cv-00215)
District Judge:  Honorable Nora B. Fischer

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
May 21, 2015

Before: FUENTES, GREENAWAY, JR., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 23, 2015)

———————————

OPINION*

———————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, Circuit Judge

The Beaver and Brawand families have been embroiled in a dispute over the ownership of oil and gas rights in western Pennsylvania for over two decades. Long confined to state court, the dispute eventually found its way to federal court. Although the action was scheduled for trial, the District Court ultimately dismissed the case for failure to prosecute under Federal Rule of Civil Procedure 41(b) based on the failure of plaintiff Beaver Resources Corporation ("Beaver Resources") to obtain counsel after multiple requests. On appeal, Beaver Resources largely disregards the procedural reasons for the dismissal, preferring to reargue the merits of the underlying dispute. For the following reasons, we will affirm the District Court's dismissal of the case.[1]

## I.

The issues in this case date back to a lawsuit filed in 1988 before the Court of Common Pleas of Elk County, Pennsylvania. In dispute was the ownership of oil and gas wells in Elk County. Various members of the Beaver family claimed that William Brawand had unlawfully extracted oil and gas from their land, and Brawand replied that he had a valid lease that permitted him to do so. Beaver Resources, which now owns the land in question, filed a diversity action in the Western District of Pennsylvania in 2008. The case was initially assigned to Judge Sean J. McLaughlin.

---

[1] Beaver Resources filed approximately a dozen motions during the course of this appeal. The majority have been resolved, but Beaver Resources' motion to strike dated March 6, 2015 remains outstanding. That motion has no bearing on our disposition of this appeal and is therefore denied as moot.

Albert H. Beaver, Jr. is the sole representative of Beaver Resources and the only person available to testify about the facts in this case. The case was listed for trial in 2011, but prior to the commencement of trial, Beaver Resources' counsel withdrew due to disagreements with Beaver. Beaver, who is also a practicing attorney, entered an appearance on behalf of the corporation, purporting to act as counsel. The District Court held that Beaver could not act as counsel on behalf of his corporation because he was a material witness. *See* Pa. Rule Prof. Conduct 3.7(a) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ."). Observing that a corporation may not proceed *pro se* in federal court, *United States v. Cocivera,* 104 F.3d 566, 572 (3d Cir. 1996), the District Court directed Beaver Resources to secure other counsel immediately. It failed to do so. Several months later, after repeated reminders from the District Court went unheeded, the case was dismissed for failure to prosecute.

A few weeks after the dismissal, attorney Timothy Biasiello entered his appearance on behalf of Beaver Resources. The District Court reopened the case but awarded $1,644.85 in attorney's fees to Brawand as a result of Beaver's behavior. The case was later reassigned to Judge Nora Barry Fischer. After failed attempts by the parties to settle, Biasiello filed a motion to withdraw because of disagreements with Beaver. The District Court denied counsel's motion to withdraw without prejudice but ordered Beaver Resources to find new counsel within a month, by June 2014. By this time, the state-court action had been dismissed for failure to prosecute.

In June 2014, Biasiello advised the Court that Beaver Resources had not obtained substitute counsel and requested that the Court extend the deadline. Without Biasiello's

3

knowledge, Beaver filed a series of motions seeking sanctions against Brawand. In July 2014, the Court issued an order reiterating that Beaver could not represent the corporation and indicating that any other motions filed by Beaver would be stricken from the record. Beaver Resources was given yet another chance to obtain new counsel, this time by August 2014. Beaver subsequently filed motion for leave to appeal in violation of the Court's July 2014 order. By the August 2014 deadline, no attorney had entered an appearance on behalf of Beaver Resources. Pursuant to Federal Rule of Civil Procedure 41(b), the Court dismissed the case with prejudice for failure to prosecute and granted Biasiello's motion to withdraw as counsel.

## II.

On appeal, Beaver focuses on the underlying property dispute and the District Court's failure to grant his previous motions to strike an affirmative defense and for summary judgment. We may not review these decisions.

An order dismissing a case for failure to prosecute is an appealable final order under 28 U.S.C. § 1291.[2] Usually, interlocutory orders merge with the Court's final judgment and are appealable as well. *See Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 244-45 (3d Cir. 2013). This rule does not apply, however, when the final order involuntarily dismisses the case for failure to prosecute under Rule 41(b). *See Marshall v. Sielaff*, 492 F.2d 917, 919 (3d Cir. 1974). The purpose of this exception is to avoid the piecemeal litigation that would result if litigants who failed to prosecute were rewarded with the opportunity to appeal immediately the district court's interlocutory decisions.

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332.

*See id.* Thus, we may review only the District Court's exercise of discretion in dismissing the case for failure to prosecute.

## III.

In determining whether the Court abused its discretion in dismissing the case for failure to prosecute, we are guided by the factors articulated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). These include "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.* at 868 (emphases removed). The District Court undertook a thorough review of these factors, and we will not reproduce its full analysis here. Instead, we briefly explain our agreement with its conclusion that the factors favored dismissal.

First, Beaver was directly responsible for the dismissal of his corporation's case. The failure to find a substitute attorney by the Court's deadline—which was extended multiple times—was the direct result of his inaction. Beaver has no one but himself to blame for his decision to disobey multiple court orders.

Second, Brawand was prejudiced by Beaver's actions. Prejudice takes many forms, including "'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *See Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (quoting *Adams*

5

*v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)).
Here, Beaver's delays prolonged this case nearly three years. As a result, it is likely that
Brawand's litigation costs were increased, and witnesses whose testimony at trial would
have been valuable are now deceased.

Third, the record makes plain Beaver's history of dilatoriness. On a number of
occasions, Beaver failed to comply with court orders to find new counsel and to respect
the extensions of time the Court gave him. In 2011, Judge McLaughlin gave Beaver
nearly six months to obtain new counsel. When Beaver did not comply, the case was
dismissed. After the case was reopened, counsel again moved to withdraw, and Judge
Fischer gave Beaver several more months, including an extension of time, to obtain new
counsel. Beaver's disregard of these orders prevented the parties' dispute from being
resolved in a speedy and efficient fashion.

Fourth, the record contains evidence of bad faith. Willfulness and bad faith go
beyond mere negligence and involve intentional or self-serving behavior. *See Briscoe*,
538 F.3d at 262. Here, Beaver ignored multiple court orders and several extension
periods given to him by two different judges to obtain new counsel. Although the case
was previously dismissed for failure to prosecute, and the state-court action was
dismissed for the same reason, Beaver was given another chance to take his case to trial.
His decision to flout the requirements for doing so, even after express warnings about the
consequences, can only be regarded as willful.

Fifth, it is reasonable to conclude that no sanction other than dismissal would be
effective. Monetary sanctions appear to be insufficient, as the District Court's award of

6

attorney's fees to Brawand after the action was reopened did not deter Beaver from creating further delays.

Finally, it is not clear that Beaver would have prevailed if the action had proceeded. The District Court noted that Brawand had advanced a statute of limitations defense with substantial merit and that there was no one to present Beaver Resources' claims at trial. A review of the parties' briefs on the merits does not convince us that Beaver is on the brink of victory.

## IV.

For the foregoing reasons, we will affirm the District Court's dismissal of the case pursuant to Rule 41(b).