CLD-333                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2148
_____

MICHAEL WIGGINS,

Appellant

v.

WAYNE MACMANIMAN; 32BJ SEIU

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-17-cv-00376)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 10, 2017

Before:  SHWARTZ, RENDELL and FISHER, <u>Circuit Judges</u>

(Opinion filed:  September 29, 2017)

_____

OPINION[*]

_____

PER CURIAM

Michal Wiggins appeals from the order of the District Court dismissing his amended complaint. We will vacate and remand for further proceedings.

Wiggins is a member of Service Employees International Union, Local 32BJ. He filed suit pro se in state court against the Union and his Union representative (collectively, "the Union") alleging that the Union breached its duty to fairly represent him. In particular, Wiggins alleged that the Union failed to investigate, and refused to bring to arbitration, a grievance that he filed over his employer's decision not to award him a certain position.

The Union removed Wiggins's complaint to federal court[1] and filed a motion to dismiss it under Fed. R. Civ. P. 12(b)(6). The District Court permitted Wiggins to amend his complaint and denied the Union's motion as moot. The Union then filed a Rule 12(b)(6) motion to dismiss the amended complaint as well. Wiggins did not file a brief in opposition to that motion as required by Rule 7.1(c) of the District Court's Local Civil Rules. For that reason, the District Court granted the Union's motion as unopposed

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Union asserted that Wiggins's claims arise under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. We do not decide the issue, but we note that his claims may arise under the National Labor Relations Act instead. See Felice v. Sever, 985 F.2d 1221, 1226 (3d Cir. 1993).

2

pursuant to Rule 7.1(c) and, with no further analysis, dismissed Wiggins's amended complaint with prejudice. Wiggins appeals.

We will vacate and remand. We have long recognized "the policy of law which favors disposition of litigation on its merits." Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1974). Thus, we have held that District Courts may not grant a Rule 12(b)(6) motion as unopposed and dismiss a complaint "solely on the basis of [a] local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in [Rule] 12(b)(6)." Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). That is because such a dismissal is not really a dismissal for failure to state a claim but is instead a sanction. Id. And before District Courts take the drastic step of dismissing a complaint as a sanction, they generally must consider the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.3d 863, 868 (3d Cir. 1984). See In re Asbestos Prod. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013).[2]

The District Court failed to do so. We could still affirm if we concluded that Wiggins's amended complaint does indeed fail to state a claim, but we decline to decide that issue in the first instance. See Stackhouse, 951 F.2d at 30. We note merely that our review of Wiggins's amended complaint and the Union's motion suggests that Wiggins's allegations warrant at least some consideration on the merits by the District Court.

---

[2] There are exceptions to these principles—such as when a counseled party truly does not oppose a motion, see Stackhouse, 951 F.2d at 30, when a party fails to comply with a rule despite a specific directive to do so, see id., or when a party's conduct makes adjudication of the case impossible, see Doe v. Megless, 654 F.3d 404, 411 (3d Cir. 2011)—but none of them applies here.

For these reasons, we will vacate the judgment of the District Court and remand for further proceedings.[3]

---

[3] Wiggins argues that the Union's motion to dismiss was improper because the District Court denied the Union's previous motion to dismiss. That argument constitutes a basis for opposing the motion, not for ignoring it. In any event, that argument is frivolous because the District Court denied the Union's previous motion as moot in light of the amendment of Wiggins's complaint, not on the merits. Although we are remanding as explained above, Wiggins is cautioned not to ignore filing deadlines in the future.