**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-2339 & 19-3204
_____

JUSTIN EVERETT,
                                        Appellant

v.

FIELDWORKS, LLC; LAURA BARKLEY; ZACHARY REIDER;
CHRIS GALLOWAY; LEWIS GRANOFSKY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-01495)
District Judge:  Honorable J. Nicholas Ranjan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2020
Before:  KRAUSE, MATEY, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 26, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Justin Everett appeals from the District Court's order dismissing his case for failure to prosecute. He also appeals numerous interlocutory orders entered before his case was dismissed. For the reasons discussed below, we will affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In November 2017, Everett filed an employment discrimination complaint against his former employer, FieldWorks, and against various individuals associated with FieldWorks. In April 2019, the District Court granted in part and denied in part the defendants' motion for summary judgment, and the District Court scheduled a jury trial on the remaining claims for Monday, June 10, 2019.

Everett attended pretrial conferences on May 21 and May 31, and he did not raise any objection to the trial date at those times. On Friday, June 7, Everett filed a notice of appeal from various pretrial orders, and he filed in the District Court a motion to stay the proceedings. That same day, the District Court denied the stay motion and explained that Everett's failure to appear for trial would subject him to sanctions. To ensure that Everett received notice of the order, the defendants—at their own expense—served Everett a copy at his residence on Saturday, June 8. Everett failed to appear at trial, and the District Court ordered him to show cause why his case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Everett primarily responded with inappropriate personal attacks against the District Judge. He also explained that he needed to be at work on June 10. On August 22, 2019, after analyzing the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), the District Court entered an order dismissing the case with prejudice for failure to prosecute.

## II.

We have jurisdiction under 28 U.S.C. § 1291.[1] But the scope of our review is limited to the order of dismissal, which we review for abuse of discretion. See Marshall v. Sielaff, 492 F.2d 917, 919 (3d Cir. 1974); see also Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 244-45 (3d Cir. 2013).

## III.

In determining whether the District Court abused its discretion in dismissing the case for failure to prosecute, we are guided by the factors articulated in Poulis. These are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an

[1] The Appellees' motions to dismiss for lack of jurisdiction are denied. We construe the document that Everett filed on Monday, September 23, 2019, as a timely notice of appeal from the District Court's August 22, 2019 order. See Smith v. Barry, 502 U.S. 244, 245 (1992); see also Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 104 (3d Cir. 2017). Thus, we have jurisdiction over this consolidated appeal from that order.

3

analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868 (emphases removed).

The District Court provided a thorough analysis of the Poulis factors, which we will briefly summarize below, and the District Court did not abuse its discretion in concluding that the factors favored dismissal. Four of the factors weigh heavily in favor of dismissal. Those include the first factor—the extent of Everett's responsibility, and the fourth factor—whether Everett's conduct was willful or in bad faith. The District Court concluded, with record support, that Everett willfully failed to abide by explicit court orders directing him to appear for trial. See Briscoe v. Klaus, 538 F.3d 252, 258–59 (3d Cir. 2008) (explaining that a pro se litigant is "solely responsible for the progress of his case"). In particular, Everett had a strategic interest in delaying the trial while he sought to relitigate the District Court's pretrial orders. The order that denied Everett's last-minute stay motion warned that he would be subject to sanctions if he failed to appear for the trial date, which had been set for months and which Everett had not objected to at the recent pretrial conferences.

The second factor, which focuses on prejudice to the Defendants, also weighs against Everett. The defendants were required to expend time and expense to prepare for trial, including the expense of ensuring that Everett was served with the District Court's order denying his stay motion and directing him to appear for trial. Because Everett proceeded in forma pauperis, we also agree with the District Court's conclusion that the

4

fifth factor—the effectiveness of other sanctions, including monetary sanctions—weighs in favor of dismissal.

We agree with the District Court's determination that the third factor, Everett's history of dilatoriness, is neutral. While he was responsible for various delays, and his pleadings contained many improper attacks against the District Judge, the record does not establish a history of dilatory conduct. The last factor considers whether Everett was likely to succeed on his claims. We agree with the District Court's determination that this factor weighs against dismissal, as Everett's claims had sufficient merit to proceed to trial. However, it is far from clear that Everett would have prevailed at trial, and we discern no abuse of discretion in the District Court's conclusion that, on balance, the Poulis factors weigh in favor of dismissal. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (explaining that "not all of the Poulis factors need be satisfied in order to dismiss a complaint").

Accordingly, we will affirm the judgment of the District Court.